

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| JAQUAN HI KEEM BRYANT,<br>　　　　Plaintiff,<br><br>vs.<br><br>DUKE ENERGY,<br>　　　　Defendant. | §<br>§<br>§<br>§　Civil Action No.: 3:23-5288-MGL<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND SUMMARILY DISMISSING ACTION WITHOUT PREJDUICE**

Plaintiff Jaquan Hi Keem Bryant (Bryant) filed a complaint against Defendant Duke Energy alleging it failed to honor a "Bond Statement and coupon note." Complaint ¶ 3. Bryant is representing himself.

This matter is before the Court for review of the Report and Recommendation of the Magistrate Judge (Report) recommending the Court summarily dismiss this matter without prejudice for lack of subject matter jurisdiction. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 8, 2023. The Clerk's Office docketed Bryant's objections on November 27, 2023. The Court has reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

First, Bryant contends the Court has federal question jurisdiction over this matter due to his allegations that Duke Energy failed to honor a "negotiable instrument" under the Uniform Commercial Code (UCC).

As the Magistrate Judge explained, Federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The UCC is a set of model rules, which some states have adopted in various forms. *See, e.g*, S.C. Code Ann. § 36-4A-101, *et seq*. (South Carolina's adoption of the UCC). But, as the Magistrate Judge stated, the model UCC itself fails to create any legally binding authority.

Although Bryant purports to cite case law to the contrary, the case titles he lists appear inapposite. In any event, they fail to support the contention that "federal jurisdiction exist[s] because the case involve[s] the UCC and the disputed promissory notes were negotiable instruments, which affected interstate commerce." Objections at 1.

Moreover, if Bryant wishes to bring his claim under a state UCC, this would fail to present a federal question.

The Court will therefore overrule this objection.

Second, Bryant maintains the Court has diversity jurisdiction over this matter.

Diversity jurisdiction exists when the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

Bryant's complaint contains no information regarding the citizenship of himself or Duke Energy. Even if they are diverse, however, Bryant also fails to allege any amount in controversy. His complaint neglects to state facts regarding the amount he claims to have lost due to Duke Energy's alleged actions. Additionally, his objections fail to provide claims, let alone support, to establish diversity jurisdiction.

The Court will therefore overrule this objection, as well.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules the objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court this action is summarily **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Signed this 6th day of December 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.